HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTHWEST MOBILE SERVICES, L.L.C., an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SCHRYVER MEDICAL SALES & MARKETING, INC., A Colorado corporation, and BEN GILSON, an individual,<br><br>Defendants. | Case No. C06-5227 RBL<br><br>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

THIS MATTER is before the court on Plaintiffs' Motion for a Preliminary Injunction [Dkt. #4]. Plaintiff Northwest is the successor to Defendant Gilson's former employer, Portable X-Ray. Defendant Schryver is Defendant Gilson's current employer, and a competitor of Plaintiff Northwest Mobile Services.

Plaintiff seeks to enforce the terms of a non-competition agreement it claims Gilson executed as a condition of his employment at Portable. That agreement provides that in the event he leaves Portable's employment, Gilson will not compete "for a period of one year" "at any facility at which [he] provided services while an employee of [Plaintiff's predecessor] within the last year of [his] employment." Plaintiff alleges, and Defendants do not dispute, that Gilson is now providing on Schryver's behalf mobile X-ray services to facilities where he provided similar services in his last year of employment with Northwest's predecessor, Portable X-Ray. Plaintiff seeks a Preliminary Injunction precluding Gilson from continuing to service the facilities he serviced while a Northwest employee, and enjoining Schryver from employing Gilson at such facilities.

Plaintiff opposes this Motion arguing (1) that the Plaintiff has not demonstrated its probable success on the merits; (2) that his signature on the agreement is a forgery; (3) that the agreement is void for lack of consideration, as it was purportedly signed a few days after Gilson began working for Northwest's predecessor; and (4) even if the agreement was otherwise enforceable, this Plaintiff was not a party to it and cannot enforce it. The Defendants also downplay the significance of Gilson's role in either entity's business.

In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a), a plaintiff in the Ninth Circuit must satisfy one of two tests. Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). *See Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. United States,* 415 F.3d 1078, 1092 (9th Cir. 2005). The alternative test requires that a plaintiff demonstrate *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum. *Id.* (internal citations omitted).

The Defendants dispute Plaintiff's ability to demonstrate its right to a Preliminary Injunction on either basis. The Court disagrees with the bulk of Defendants' arguments, as outlined below, but will hold a hearing on Defendant Gilson's claim that his signature on the alleged non-compete agreement is a forgery.

**1.      Likelihood of success on the merits.**

Plaintiff has alleged, and produced evidence in support of its claim, that Gilson signed a non-competition agreement which would preclude him from working for his former employer's competitor. Gilson argues that the Plaintiff will not prevail on its non-compete, trade secrets, or tortious interference claims, for at least the following reasons, each of which is discussed in turn:

(A).    Gilson argues that the agreement is not supported by consideration. He claims that his employment commenced on January 1, 2002, and that he was an at will employee starting on that date. He claims that because the non-compete agreement was not signed (if at all) until January 6, it is not supported by consideration and cannot be enforced against him.

This argument is based on *Labriola v. Pollard Group, Inc.*, 152 Wn.2d 828, 100 P.3d 791 (2004). There, the employee was forced to sign an extremely broad non-compete agreement after five years of employment, and court held that "the promise of future employment" in exchange for the execution of the non-compete agreement was insufficient consideration for that agreement. It contrasted the situation in Racine v. Bender, 151 Wash. 606, 252 P. 115 (1927), where a non-compete provision was signed at the end of each work week for the better part of a year, and was found to be enforceable. The *Labriola* court also rejected the argument that the employee "received additional training" as consideration for the non-compete, pointing out that he had already received five years of training prior to the non-compete agreement.

Here, Gilson allegedly signed the non-compete agreement within a week of the date he commenced work as an at will employee. As the Plaintiff points out, *Labriola* holds that otherwise valid non-compete agreements are valid "if signed when he or she is first hired." *Id.*, 152 Wn.2d at 834. It is hardly unusual for a new employee to continue the process of finalizing his employment contract documents in the first week after he begins work. If he signed it, Gilson signed the agreement "when he was first hired." The alleged lack of consideration will not work to defeat the non-compete agreement.

(B).   Gilson argues that the non-compete agreement is not enforceable because it is not reasonable. He claims the Plaintiff has not made the requisite showing that the agreement was necessary to protect it from any unfair advantage he may have by reason of customer contact, trade secrets, or other confidential business information.

The agreement at issue is limited as to time – one year – and as to scope – it only precludes Gilson from servicing those facilities he serviced in his last year of employment at Portable (Plaintiff's predecessor). The agreement is not unreasonable and is not unenforceable on this basis.

Nor is the Defendants' effort to minimize the importance of Gilson's position sufficient to defeat the agreement. Entry level salespeople are often asked to agree not to compete as a condition of employment. That Gilson did not know the intimate details of his former employer's business does not mean that he did not have access to protectable interests, including customer lists and relationships. This argument is insufficient to defeat the non-compete agreement.

(C).   Gilson argues that even if the agreement was otherwise enforceable, the parties to it were

Gilson and Plaintiff's predecessor, Portable X-Ray, and that the assignability of that agreement to Plaintiff has not been established.

The Plaintiff has in fact established and explained how it purchased Portable and then undertook to terminate and re-hire its employees. It has established that it purchased Portable's assets and its goodwill, and that the better view is that that includes the right to enforce non-competition agreements in favor of its predecessor. *See J.H. Renarde, Inc. v. Sims,* 711 A.2d 410 (N.J. 1998). Plaintiff has not raised an issue as to any defect in the assignment. If the non-compete agreement is valid, Plaintiff is entitled to enforce it.

(D).  Gilson argues that the Plaintiff cannot demonstrate that it is likely to prevail on its tortious interference claim[1] against Defendant Schryver, because Schryver was "careful' to ensure that Gilson was not a party to any non-compete agreement. This claim is asserted against Mr. Gilson's new employer. Defendant Schryver claims it took steps to ensure that Gilson had not signed such an agreement, which only suggests that it knew employing one who was subject to such an agreement might lead to liability. Furthermore, it is clear that Schryver was expressly made aware of Plaintiff's claim about the agreement at a later date, when Plaintiff informed it of the agreement and its position that Schryver's continued employment of Gilson was a violation of it. In any event, the real issue is the Plaintiff's motion to enjoin Gilson from working in violation of his agreement and if he is so enjoined, it necessarily follows that he would not be employed by Schryver in violation of that injunction.

**2.      Irreparable Harm/ Relative Hardship.**

Leaving aside for the moment Defendants' primary forgery argument, it is also clear to the court that the second prong of the preliminary injunction test is met by the Plaintiffs assuming that the document is authentic. The plaintiff has established that Defendants' ongoing use of Gilson to service former clients in violation of the alleged agreement is causing it irreparable harm. And while there is hardship to Defendant Gilson in being enjoined from performing his job, the hardship to Plaintiff's business and relationships with its customers in the event the agreement is authentic, is greater.

* * *

---

[1] Gilson also argues that Plaintiff cannot demonstrate the likelihood of its success on its trade secrets claim, but Plaintiff does not seek an injunction on that claim.

ORDER
Page - 4

Finally, and most importantly, Gilson has raised genuine issues of fact as to the agreement's authenticity. Gilson claims as a factual mater that he did not and would not sign a non-competition agreement. He suggests that the signed agreement produced by the Plaintiff is either a straight forgery or a "cut and paste" forgery. He asserts that he did not sign a non-compete agreement and is not bound by its terms.

This is the Defendants' primary argument, and is the most difficult to resolve. Plaintiff argues that there is no evidence that the non-compete agreement in evidence (a copy of an original which apparently cannot be located) is "irregular in any way." Gilson counters that in addition to the fact he chose not to sign such and agreement and that the one offered is not an original, the agreement differs from the one he was sent, is not on Portable's letterhead, and that the signature of Portable's representative is not the same as on the one he was offered.

As an initial matter, the fact that there are various versions of the document in existence does not establish that the copy in evidence is not genuine. Since the Plaintiff's Motion was filed, Gilson has claimed that he was philosophically and economically opposed to signing an agreement, and that that is why he chose not to sign the one proposed by Portable at the commencement of his employment there. He does not address or explain why they would continue to employ him absent his signing, and seeks an opportunity to explain or rebut Plaintiff's allegation (in its Reply) that he signed a similar non-compete agreement for Portable's predecessor (Symphony) just six months earlier.

Because the authenticity of the purported non-compete agreement is in the court's view dispositive on the motion for a preliminary injunction, the court will hold an evidentiary hearing on this issue. At that hearing, Plaintiff will be afforded the opportunity to produce evidence about the agreement's execution and defendants will be permitted to produce evidence supporting their "forgery" defense, as well as to respond to the allegations that other Northwest employees also were provided multiple copies of the agreement, and that Gilson signed a non-compete with Symphony.

If the court determines that the document is authentic, the Plaintiff's motion for a preliminary injunction will be granted.

THEREFORE, it is hereby ORDERED

The parties will appear Thursday, July 6, 2006, at 9:30 for an evidentiary hearing on the authenticity of the purported non-compete agreement. The remaining issues raised in opposition to the Plaintiff's Motion for a preliminary injunction need not be addressed.

DATED this 28th day of June, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE